## Wade v. Brents.

### (Decided December 15, 1914.)

### Appeal from Marion Circuit Court.

Highways—Regulations and Use for Travel—Use of Highway and Law of the Road—Motor Vehicles—Actions for Injuries.—It was a rule of the common law and has been made so by legislative declaration that no person shall operate a motor vehicle on a public

highway at a rate of speed greater than is reasonable and proper in view of the time and place and having regard to the traffic and use and condition of the highway; and the statute further provides that a speed in excess of eight miles per hour is prima facie unreasonable, in rounding a curve.

W. H. SPRAGENS for appellant.

W. W. SPALDING and P. K. McELROY for appellee.

Opinion of the Court by Judge Hannah—Affirming.

Mrs. Amanda Wade owns and operates a farm in Marion county. She had sent two teams and wagons to a neighbor's after some hogs; and, as these were returning in the night time along the Lebanon and Springfield pike, one of the wheels of the rear wagon came off. The driver thereof called the driver of the team in front to his assistance; and the driver of the front team left his team standing about the middle of the road, and went back to the assistance of the driver in the rear.

At the place where this team was left standing in the road there was a sharp curve. It was quite dark and there were no lights on the wagon. While the team was standing there, an automobile owned by G. N. Brents, a liveryman, and driven by his chauffeur, came around this curve and ran against the tongue of the wagon, frightening the horses and causing them to back over an embankment and injuring them.

To recover damages for the injuries to the team and wagon, Mrs. Wade brought this action against Brents in the Marion Circuit Court. Upon a trial, there was a verdict and judgment for the defendant. Plaintiff appeals.

1. The court instructed the jury that it was the duty of the defendant's servant in charge of the automobile, as he approached the curve where plaintiff's team was standing, to have the machine under control, and not to exceed a speed of eight miles per hour; and that if the jury believed from the evidence that he did not have the machine under control or was negligently operating it at a speed greater than eight miles per hour, they should find for the plaintiff; but that unless they believed from the evidence that the driver did not have the machine under control as he approached the curve, or that he was operating it at a speed in excess of eight miles per hour, they should find for the defendant.

Appellant complains of these instructions, claiming that the effect thereof is to declare that the defendant is not liable if the speed of the machine was less than eight miles per hour. But, considering them as a whole, it will be seen that what the trial court meant was, that either a failure to have the machine under control, or operating it at more than eight miles per hour, was negligence for which plaintiff might recover.

It was the rule of the common law, and has been made so by legislative declaration (Acts 1910, p. 242; Acts 1914, p. 179) that no person shall operate a motor vehicle on a public highway at a rate of speed greater than is reasonable and proper in view of the time and place and having regard to the traffic and condition and use of the highway; and the statute (Motor Vehicle Law) further provides that a speed in excess of eight miles when rounding a curve is prima facie evidence of unreasonable speed.

The only evidence of negligence herein related to the speed of the automobile. Lee Wade, the driver of the team, when asked, "Do you know how fast that automobile was traveling that night?" answered: "Not exactly, but I judge from ten to twelve miles an hour." This was all the evidence offered by plaintiff on the subject, and both the driver of the machine and the passenger whom he was transporting swore that the speed did not exceed eight miles an hour.

Appellant says in his brief: "Plaintiff's witnesses were in no position to know and could not testify as to the rate of speed or as to whether the driver had the machine under control. The only evidence upon this point was that of appellee's driver and passenger, and, singularly enough, they both place the rate of speed at not over eight miles per hour, and testify that the machine was under control."

He argues that the instructions limited plaintiff's right to recover alone upon the question of whether defendant's servant complied with the statutory requirements, i. e., that the driver approaching a curve shall have the machine under control and shall not exceed eight miles per hour. But he refers to no evidence in this record which would authorize an instruction based on any other act. There must be some evidence upon which to base an instruction, or it should not be given.

The instructions complained of might easily have more clearly expressed the effect of the statute. Indeed,

an instruction embodying the language of the statute itself is desirable in defining the duties of the operator of a motor vehicle on the public highways.

But, in this case, there was no proof that the machine was not under control, or that it was not stopped as soon after the discovery of the standing team as was possible to stop such a machine when operated at a reasonable speed.

We do not think the instructions complained of were prejudicial to the substantial rights of the plaintiff. The jury doubtless understood that to have an automobile under control means such control as would be efficient under the circumstances.

2. Appellant also insists that the verdict of the jury was flagrantly against the weight of the evidence. There was no proof that the automobile was being operated at an unreasonable speed, except that of the driver of the team. This was denied by both the driver of the automobile and the passenger whom he was transporting.

Nor was there any proof that the machine was not under control. The driver thereof and the passenger both testified that they were driving slowly owing to its being dark and the road being narrow. The lights of the automobile threw their rays directly ahead on a line with the body of the machine, and, for that reason, in rounding the curve, the presence of the standing team was not disclosed until they were so close that the machine could not be stopped in time to avoid running into it.

And the jury were doubtless largely influenced in reaching their verdict for the defendant by the apparently negligent act of the team-driver in leaving his team standing unattended in the road in the night time. It was for the jury to pass upon the issue of negligent operation of the automobile. They have done so, and we are not disposed to disturb their finding.

3. Appellant also contends that the trial court erred in excluding evidence offered by her relative to "observations made and measurements taken at the place where the accident occurred." This evidence was not material. That the occupants of the automobile did not discover the standing team until they were almost upon it is not denied.

Judgment affirmed.